[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11818
_____

D.C. Docket No. 1:10-cv-04064-TCB

KIMBERLY E. BRACEY,

Plaintiff-Appellant,

versus

ELIZABETH A. JOLLEY,
in her individual capacity,
ANDREW SILBERMAN,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 11, 2014)

Before ANDERSON and EBEL,* Circuit Judges, and UNGARO,** District Judge.

_____
*Honorable David M. Ebel, United States Circuit Judge for the Tenth Circuit, sitting by
    designation.
**Honorable Ursula Ungaro, United States District Judge for the Southern District of Florida,
    sitting  by designation.

PER CURIAM:

We have had the benefit of oral argument, and have carefully considered the arguments of the parties, the analysis of the district court, and relevant parts of the record.   For many of the reasons set forth by the district court and for the reasons fully explored at oral argument, we conclude that the judgment of the district court should be affirmed.  In light of the objective evidence indicating that plaintiff had sold the car three days before she reported it stolen,[1] and in light of the officers' reasonable belief that the Motor Vehicle Division would not have transferred the title to Alvarado-Valle after the vehicle had been listed as stolen on the GCIC (Georgia Criminal Information Center), we cannot conclude that the officers lost their qualified immunity protection merely because they failed to take several additional investigative steps urged by plaintiff.  Rather, this case falls comfortably within the established law that "a police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest."  Kingsland v. City of Miami, 382 F.3d 1220, 1229 (11th Cir. 2004) (internal quotation and citation omitted).  A reasonable officer under the circumstances facing the defendant officers in this case could have believed that probable cause existed to arrest plaintiff.  With respect to plaintiff's argument that the warrant affidavit contained misstatements and omissions, the plaintiff has

---

[1]   The evidence was obtained by the officers from the database customarily used by law enforcement to access information recorded in the Motor Vehicle Division.

failed to create a genuine issue of fact with respect to intentional falsity or reckless disregard for the truth.  We conclude that plaintiff has failed to create genuine issues of material fact with respect to her federal or state claims.

It is regrettable that mistakes in the law enforcement operations led in this case to an unfortunate arrest of the plaintiff, resulting in inconvenience, embarrassment and expense to the plaintiff.[2]   However, for the foregoing reasons, we cannot conclude that the district court erred in holding that these officers were protected by qualified immunity.

Accordingly, the judgment of the district court is

AFFIRMED.

---

[2]     Management obviously will want to investigate how and why an unlikely event occurred in this case – i.e., that a transfer of the title to the vehicle was allowed notwithstanding the fact that the vehicle was already listed as stolen on the NCIC and GCIC (National and Georgia Criminal Information Centers) databases.   Similarly, management will want to investigate the propriety of listing the purchase date of a transfer of vehicular title on GRATIS (Georgia Registration and Title Information System) rather than, for example, the date that the application for title transfer is filed with the Motor Vehicle Division; only the latter is independently verified by the relevant public official.  Management may also want to consider the propriety of additional training to its law enforcement officers in an effort to reduce the possibility of repetition of similar mistakes.